UNITED STATES DISTRICT COURT

_____District of Minnesota_____

Ron Meyers,

        Plaintiff,

v.                                                                         **COMPLAINT**

Tom Roy,
Commissioner of Minnesota Department of Corrections,
in his official and individual capacities, and
David Bjerga, Superintendent of the
Minnesota Bureau of Criminal Apprehension,
in his official and individual capacities,

        Defendant.

Plaintiff Ron Meyers, by and through his attorneys, Legal Assistance to Minnesota Prisoners (LAMP), states the following:

**INTRODUCTION**

1.     This is a civil action pursuant to 42 U.S.C. § 1983 against Tom Roy, Commissioner of Minnesota Department of Corrections, and David Bjerga, acting Superintendent of the Minnesota Bureau of Criminal Apprehension (BCA). The claim arises from the Defendants' determination that the Plaintiff register as a predatory offender. The Defendants' actions violated: (1) The Plaintiff's constitutional right to substantive and procedural due process; (2) the separation of powers doctrine; and (3) constitutional prohibitions against ex post facto laws.

**PARTIES**

2. Plaintiff Ron Meyers is a citizen of the State of Minnesota.

3. Defendant Tom Roy is the Commissioner of Minnesota Department of Corrections.

4. Defendant David Bjerga is the Superintendent of the Minnesota Bureau of Criminal Apprehension.

**JURISDICTION AND VENUE**

5. All of the Defendants' actions complained of herein were carried out under color of state law.

6. This court has original jurisdiction over Plaintiff's U.S. constitutional claims pursuant to 28 U.S.C. § 1331.

7. This court has supplemental jurisdiction over Plaintiff's state constitutional claims pursuant to 28 U.S.C. § 1367 because they are part of the same case or controversy described by Plaintiff's federal claim.

8. Venue in this district court is proper pursuant to 28 U.S.C. § 1391(b) because the events on which the claim is based occurred in the state of Minnesota.

**FACTUAL ALLEGATIONS**

9. In the summer of 1995, the State of Minnesota charged Plaintiff with fourth degree criminal sexual conduct under Minn. Stat. § 609.345, subd. 1(c). The State subsequently conceded that the undisputed facts did not evidence a fourth degree charge; the charge was reduced to fifth degree criminal sexual conduct - which is not a predatory offense - to which Plaintiff pled guilty. Following Plaintiff's plea, the sentencing court found that Plaintiff was not a sex offender and that he did not have to register as a predatory

offender.

10. In spite of the sentencing court's determination that Plaintiff did not have to register and that he did not commit a registerable offense, the Defendants or their agents have determined that Plaintiff has to register as a predatory offender.

11. Following the Defendants' classification of Plaintiff as a predatory offender, Plaintiff was convicted of felony charges for failing to register in Blue Earth County in 2004 and in Olmsted County in 2009. Plaintiff served several years in prison as a result.

12. The Defendants knew or should have known that they were violating Plaintiff's constitutional rights when they placed him on the predatory offender registry without affording him an opportunity to contest application of Minn. Stat. § 243.166 to the unique circumstances of his case.

## CAUSE OF ACTION

## COUNT 1, DUE PROCESS VIOLATION

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. The defendants, acting under color of state law, violated the Plaintiff's right to due process under the Fifth and Fourteenth Amendments of the United States Constitution and Article I § 7 of the Minnesota Constitution. The Defendants violated Plaintiff's substantive and procedural rights to due process by determining that he is required to register as a predatory offender when he did not commit a predatory offense.

## COUNT 2, SEPARATION OF POWERS

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Minnesota Statute § 243.166 violates the separation of powers implicit in Articles I, II, and III of the United States Constitution and Article III § I of the Minnesota Constitution as it confers authority to the executive branch to exercise judicial and legislative powers.

## COUNT 3, EX POST FACTO CLAUSE

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Defendants, acting under color of state law, violated the ex post facto clause in Article I, § 10 of the United States Constitution and Article I, § 11 of the Minnesota Constitution by extending Plaintiff's registration period beyond the statutory requirement effective at the time of his conviction.

## INJURY SUFFERED

19. The Plaintiff has a liberty interest in not being labeled a predatory offender. He carries the burdens that come with such classification, including the stigma of being classified as a predatory offender, the burdens of registration, and the threat of felony conviction for any infraction. He has no adequate remedy at law to redress the wrongs described herein. He will continue to be deprived of his liberty and other constitutional rights unless and until the Court grants the relief requested.

20. Plaintiff was charged, convicted and imprisoned as a direct result of Defendants' classification of Plaintiff as a predatory offender.

## RELIEF REQUESTED

Wherefore, Plaintiff prays that this Court grant judgment providing the following relief:

  A. Preliminary and permanent injunctive relief enjoining the Defendants and their agents from requiring Plaintiff to register as a predatory offender.

  B. Direct Defendants to remove Plaintiff from the predatory offender registry.

  C. Declare that Minn. Stat. § 243.166 as applied is unconstitutional.

  D. For costs, disbursements, expert witness fees, and reasonable attorney's fees in accordance with 42 U.S.C. § 1988.

  E. For compensatory damages in an amount sufficient to compensate Plaintiff for his incarceration and for other injuries suffered as a result of his being improperly designated as a predatory offender.

  F. For all other legal and equitable relief that the court deems appropriate under the circumstances.

Respectfully submitted this 2nd day of February 2011.

**Legal Assistance to Minnesota Prisoners**

By: s/Bradford Colbert
   Bradford Colbert
   Attorney Reg. No. 166790

   s/Rebecca Sherman
   Rebecca Sherman
   Certified Student Attorney
   875 Summit Ave., Room 254
   St. Paul, MN 55105
   (651) 290-6413